# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HASSIE-DEMOND; KNOWLIN,        )
                               )
        Plaintiff,    )
                               )
        v.            )        1:17cv644
                               )
MARKEITA M. WADE, et al.,      )
                               )
        Defendants.   )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action for lack of subject matter jurisdiction.

## LEGAL STANDARD

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, the Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256–57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

The Court may consider subject matter jurisdiction as part of its frivolity review. Overstreet v. Colvin, 4:13-CV-261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure")). "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise

only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking jurisdiction, here Plaintiff, bears the burden of establishing subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). "The complaint must affirmatively allege the grounds for jurisdiction," Overstreet, 2014 WL 353684, at *3, and the Court must dismiss the action if it determines that subject matter jurisdiction does not exist, Fed. R. Civ. P. 12(h)(3).

## INTRODUCTION

Asserting jurisdiction pursuant to "Article IV, § 2 of, and the First, Fourth, Fifth, and Thirteenth Amendments to, the Constitution of the United States, and 28 USC [§§] 2201 and 2202," Plaintiff initiated this action against Markeita M. Wade, Jenny Spradley, Spradley Realty, and "any and all marital communities enjoined thereto" (collectively, the "Defendants"). (Docket Entry 2 at 1 (all-caps font omitted)). According to the Complaint, Defendants, collectively and/or individually, caused the impoundment of Plaintiff's automobile, leaving him without transportation. (See id. at 3.) The Complaint further alleges that Defendants' acts violated Plaintiff's rights to due process,

equal privileges and immunities, free association, and liberty, as well as to freedom from unreasonable seizure and conditions of involuntary servitude. (See id. at 3-4.) For relief, Plaintiff requests monetary damages and declaratory judgments denominating Defendants' actions as wrongful. (See id. at 6.)

**ANALYSIS**

Federal courts "have original jurisdiction of all civil actions arising under the Constitution[ and] laws . . . of the United States." 28 U.S.C. § 1331.[1] Here, the Complaint asserts federal jurisdiction under the United States Constitution and 28 U.S.C. §§ 2201 & 2202. (Docket Entry 2 at 2.)[2]

---

[1] Federal courts also maintain "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under Section 1332(a), original "jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original). In this case, the Civil Cover Sheet asserts that Plaintiff and Defendants qualify as citizens of North Carolina (Docket Entry 3 at 1), thus precluding original jurisdiction over this action under Section 1332(a). Moreover, the Complaint expressly invokes only federal question jurisdiction. (See Docket Entry 2 at 2 (asserting jurisdiction under the U.S. Constitution).) Accordingly, the Court lacks diversity jurisdiction over this matter.

[2] Sections 2201 and 2202 concern declaratory judgments and do not provide a basis for subject matter jurisdiction. Michigan Sav. & Loan League v. Francis, 683 F.2d 957, 960 (6th Cir. 1982) ("Appellants['] assertions reflect a gallant, but futile attempt to use the Declaratory Judgment Act to invoke subject matter jurisdiction. This statute confers no such jurisdiction. Rather the Declaratory Judgment Act is discretionary ancillary relief." (footnote omitted)).

With respect to Plaintiff's jurisdictional references to the United States Constitution, Plaintiff may bring a federal action for violations of his constitutional rights under 42 U.S.C. § 1983. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (explaining that Section 1983 authorizes an action for deprivations of federal constitutional rights committed by state actors). To pursue such an action, Plaintiff must "establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed [by a person acting] under color of state law." Id. (emphasis added). "A person acts under color of state law only when exercising 'power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Bailey v. Prince George's Cty., 34 F. Supp. 2d 1025, 1026 (D. Md. 1999) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Put another way, "[t]he person charged [under Section 1983] must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999); see also Bailey, 34 F. Supp. 2d at 1026 ("The alleged infringement of federal rights must be fairly attributable to the state." (citing Rendell–Baker v. Kohn, 457 U.S. 830 (1982))). "In general, private companies and corporations do not act under color of state

law." Ellis v. Santander Consumer USA, Civ. Action No. 13-2099, 2013 WL 3753624, at *5 (W.D. Tenn. July 15, 2013).

Here, Plaintiff asserts claims against a private company, Spradley Realty, and two private persons, Markeita M. Wade and Jenny Spradley, who serve as agents of Spradley Realty. (Docket Entry 2 at 1-2.) Importantly, the Complaint contains no factual matter suggesting that any Defendant (1) works as a state official, (2) acted in concert with a state official, or (3) violated Plaintiff's rights under compulsion of a state official. (See id. at 1-7.)[3] Accordingly, Defendants' alleged conduct qualifies as private, rather than state, action. See DeBauche, 191 F.3d at 507 (explaining that "private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action"). Section 1983 cannot therefore provide the grounds for federal jurisdiction over this matter. See American Mfrs. Mut. Ins. Co., 526 U.S. at 50 (holding that Section

---

[3] Violations of the Thirteenth Amendment do not require that a defendant act under color of state law. See Terry Props., Inc. v. Standard Oil Co., 799 F.2d 1523, 1534 (11th Cir. 1986) ("[Private parties] may also be liable directly under the Thirteenth Amendment as it absolutely prohibits the practice of slavery." (citing City of Memphis v. Greene, 451 U.S. 100, 120 (1981))). However, the Complaint contains no factual allegations indicating that Defendants enslaved Plaintiff and, accordingly, the Court should dismiss Plaintiff's Thirteenth Amendment claims. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that the standard for a complaint "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007))).

1983's under-color-of-state-law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted)); see also Ellis, 2013 WL 3753624, at *5 (explaining that Section 1983 claims grounded upon the repossession of the plaintiff's vehicle failed as a matter of law because "[t]here are no allegations whatsoever in the complaint that reasonably suggest that [the defendant] engaged in conduct that could be construed as 'state action'").

As a final matter, the Complaint appears to assert state law claims of conversion and interference with contract regarding Defendants' alleged impoundment of Plaintiff's vehicle. (See Docket Entry 2 at 4.) However, "Section 1983 provides no remedy for common law torts." Bailey, 34 F. Supp. 2d at 1027 (citing Street v. Surdyka, 492 F.2d 368, 371 (4th Cir. 1974)). Plaintiff must pursue any such state law claims in state court.

## CONCLUSION

The Complaint fails to establish subject matter jurisdiction and the obviousness of this defect renders this action legally frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

This 6th day of September, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**